# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**JACOB ANTHONY ALLEN,**

        **Plaintiff,**           **Civil Action 2:20-cv-2121**

        **v.**                **Judge James L. Graham**

                                **Chief Magistrate Judge Elizabeth P. Deavers**

**RODNEY SMITH,** *et al.***,**

        **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate under the supervision of the Ohio Department of Rehabilitation and Corrections at the Southeastern Ohio Regional Jail ("SEORJ"), proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Athens County Sheriff Rodney Smith, SEORJ Warden Joshua VanBibber[1], and SEORJ Health Care Administrator Heather Dorsey. (ECF No. 1-1.) This Court previously granted Plaintiff leave to proceed *in forma pauperis* in this action. (ECF No. 2.)

This matter is before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim

---

[1] Plaintiff identifies Defendant as "J. Vanbiber." (*Id.* at PAGE ID # 10.) For purposes of this Report and Recommendation, this Court will refer to this Defendant as "VanBibber," as this Court has taken judicial notice that the Warden of the SEORJ is Joshua VanBibber. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  Having performed the initial screen, the Undersigned finds that the Complaint fails to state claims on which relief can be granted with respect to Defendants Smith and VanBibber, but that Plaintiff should be permitted to proceed against Defendant Dorsey.  The Undersigned additionally recognizes that Plaintiff may intend to assert additional claims against at least one of his arresting officers.

For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendants Smith and VanBibber in their entirety, **ALLOW** Plaintiff to proceed with his claims for medical deliberate indifference against Defendant Dorsey in her individual capacity, and **GRANT LEAVE** for Plaintiff to **AMEND** the Complaint to seek claims against the arresting officers he references in the Complaint.

## I.

According to the Complaint, on March 29, 2020, Plaintiff was driving his vehicle at or near the premises of a hotel in Athens, Ohio.  (ECF No. 1-1 at PAGEID # 11.)  Plaintiff alleges he then was arrested by multiple officers from the Athens County Sheriff's Office, including but not limited to an officer identified as "Deputy Palemento."  (*Id.* at PAGEID ## 11-13.)  Plaintiff alleges that during the course of the arrest, the officers used unnecessary force and verbally abused him.  (*Id.*)  Specifically, Plaintiff alleges that "Deputy Palemento" threatened to shoot Plaintiff; that one of the officers punched Plaintiff in the side of the head while Plaintiff was laying on the ground, face-down in handcuffs; and that at least one of the officers spat on Plaintiff.  (*Id.*)  Plaintiff also alleges the officers made Plaintiff climb a fence while handcuffed, and when Plaintiff did so he fell face-first into the ground.  (*Id.* at PAGEID # 12.)  Plaintiff

alleges he repeatedly requested medical help from the officers, but none was provided.  (*Id.* at PAGEID ## 12-13.)

Plaintiff alleges he was taken to the SEORJ following the arrest.  (*Id.* at PAGEID # 13.) While at the SEORJ, Plaintiff alleges listing his medical conditions to a corrections officer identified as "Chaseman," an unidentified nurse, the medical staff, "the jail," and the Athens County Sheriff's Office, but he was refused treatment.  (*Id.* at PAGEID ## 13-14.)  Specifically, in addition to other medical conditions, Plaintiff alleges he informed these individuals that he was scheduled to undergo surgery for Thoracic Outlet Syndrome on April 13, 2020, but he did not get transported away from the SEORJ for that procedure.  (*Id.*)  Plaintiff also alleges that "[a]ll of [his] physical and mental conditions have been brought to the attention" of the Athens County Prosecuting Attorney, the Athens County Sheriff's Office, the SEORJ, and Defendant Dorsey.  (*Id.* at PAGEID # 15.)

Plaintiff now brings this action against Defendants Smith, VanBibber, and Dorsey.  (*Id.* at PAGEID # 10.)  Plaintiff states that he is proceeding against Defendants pursuant to 42 U.S.C. § 1983 and for a violation of his Eighth Amendment rights.  (*Id.* at PAGEID ## 15-16.)  Plaintiff seeks $725,000.00 in compensatory damages, and seeks injunctive relief requiring that the SEORJ provide adequate medical care to Plaintiff, transfer Plaintiff to a facility that will provide Plaintiff with adequate medical care, or both.  (*Id.* at PAGEID # 17.)  Plaintiff also requests that the SEORJ reschedule Plaintiff's Thoracic Outlet Syndrome surgery, as well as all other missed physical and mental appointments.  (*Id.*)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

> \*      \*      \*

> (B) the action or appeal--

> (i) is frivolous or malicious;

> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[2] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

Plaintiff brings his federal law claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

>Constitution and laws, shall be liable to the party injured in an action at law, suit in
>equity, or other proper proceedings for redress.

In order to proceed under Section 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under Section 1983 must allege that the deprivation of his rights was intentional or at least the result of gross negligence. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under Section 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

### A. Claims against Defendants in their Official Capacity

As a preliminary matter, Section 1983 does not permit Plaintiff to bring his claims against Defendants in their official capacity. Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. 42 U.S.C. § 1983. State officials acting in their official capacity are not "persons" under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, to the extent that Plaintiff brings his Section 1983 claims against Defendants in their official capacity, they are not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that Section 1983 claims against agents of the state in their official capacity are not cognizable).

### B. Claims against Defendants in their Individual Capacity

To state a claim against a defendant in his individual capacity, a plaintiff must allege personal involvement of the defendant in causing plaintiff's injury. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). A party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the

6

allegedly unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). To establish liability under Section 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a [Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct"). Thus, a claimed constitutional violation must be based on active unconstitutional behavior, *Greene*, 310 F.3d at 899; *Shehee*, 199 F.3d at 300, and cannot be based upon the mere right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312 (1981); *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658 (1978). A plaintiff must demonstrate that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Supervisory liability cannot be based upon the failure to act, *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004), or simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *Shehee*, 199 F.3d at 300. Merely bringing a problem to the attention of a supervisory official is not sufficient to impose liability. *Shelly v. Johnson*, 684 F.Supp. 941, 946 (W.D. Mich. 1987). Plaintiffs must allege defendants were personally involved because "[Section] 1983 liability cannot be imposed under a theory of *respondeat superior*." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). Thus, to hold a supervisor liable under Section 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

Against this backdrop, Plaintiff has failed to state a Section 1983 claim against Defendants Smith and VanBibber in their individual capacities. At their essence, Plaintiff's implicit allegations against Defendants Smith and VanBibber appear to be that they "play[ed] a passive role in the alleged violation or showed mere tacit approval of the goings on," which is not sufficient to impose Section 1983 liability. *Bass*, 167 F.3d at 1048. Plaintiff does not allege that Defendant Smith was personally involved in Plaintiff's arrest or detainment, and Plaintiff similarly does not allege that Defendant VanBibber was personally involved in the conditions of Plaintiff's confinement. To that end, Plaintiff's Complaint does not include ***any*** allegations of Defendant Smith's or Defendant VanBibber's personal involvement in, or knowledge of, ***any*** of the allegations in Plaintiff's Complaint. Plaintiff's Complaint thus fails to give rise to a plausible inference that Defendants Smith and VanBibber were actively engaged in any unconstitutional behavior as a result of their supervisory positions or handling of Plaintiff's several grievances.

While the Complaint does not include any allegations against Defendants Smith and VanBibber, Plaintiff does allege that Defendant Dorsey had actual knowledge of Plaintiff's "physical and mental conditions" and was deliberately indifferent to his medical needs. (ECF No. 1-1 at PAGEID ## 15-16.) These allegations set Defendant Dorsey apart from Defendants Smith and VanBibber.

Plaintiff does not identify whether he is suing Defendant Dorsey in her official or individual capacity. (*See generally* Complaint, ECF No. 1-1.) To the extent that Plaintiff intends to proceed on a Section 1983 claim against Defendant Dorsey in her official capacity, this claim is not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that Section 1983 claims against agents of the state in their official capacity are not cognizable). Construing liberally, *see Haines*, 404 U.S. at 520, this Court assumes Plaintiff sues Defendant

Dorsey in her personal capacity. Accordingly, Plaintiff's claims should be permitted to proceed against this Defendant.

## IV.

Finally, Plaintiff's Complaint begins with allegations of physical and verbal abuse by the arresting officers from the Athens County Sheriff's Department. (ECF No. 1-1 at PAGEID ## 11-13.) As discussed, this Court concludes that the Complaint fails to state a claim against Defendant Smith, as the Complaint does not contain any allegations against Defendant Smith, among other reasons. However, while the Complaint does not contain any allegations against Defendant Smith, Plaintiff includes specific allegations in the Complaint against the arresting officers within the Athens County Sheriff's Department, including one officer identified in the Complaint as "Deputy Palemento." (*Id.*)

It is thus unclear whether Plaintiff has intended to assert any causes of action against the arresting officers, including but not limited to "Deputy Palemento." Although respectful of Plaintiff's *pro se* status, *Haines*, 404 U.S. at 520, this Court is unable to evaluate potential claims against unnamed defendants. Should Plaintiff amend his Complaint to assert claims against "Deputy Palemento," or any of the other arresting officers, then this Court will evaluate the viability of such claims at that time.

## V.

For the reasons stated above, the Undersigned **RECOMMENDS** that Plaintiff's claims for medical deliberate indifference continue against Defendant Dorsey in her individual capacity. Furthermore, it is **RECOMMENDED** that the Court **DISMISS** all of Plaintiff's other claims for failure to assert any claim on which relief may be granted. Finally, it is **RECOMMENDED** that the Court **GRANT LEAVE** for Plaintiff to **AMEND** the Complaint to seek claims against the

arresting officers he references in the Complaint, if so desired, within **TWENTY-ONE (21)**

**DAYS** of an Order adopting this Report and Recommendation.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party seeks review by the District Judge of this Report and Recommendation, it

may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation).  Even when timely objections are filed,

appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d

981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation

omitted)).

Date:  September 22, 2020                       _____/s/ *Elizabeth A. Preston Deavers*
                                        ELIZABETH A. PRESTON DEAVERS
                                        UNITED STATES MAGISTRATE JUDGE

11