# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JACOB ANTHONY ALLEN,

      Plaintiff,              Civil Action 2:20-cv-2121

v.                            Judge James L. Graham
                              Chief Magistrate Judge Elizabeth P. Deavers

RODNEY SMITH, *et al.*,

      Defendants.

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's failure to comply with the Court's November 5, 2020 Order. (ECF No. 8.) For the following reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

## I.

Plaintiff filed the Complaint in this action, without the assistance of counsel, on April 27, 2020. (ECF No. 1.) On April 29, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 2.) On September 22, 2020, the Undersigned issued a Report and Recommendation recommending that that the Court dismiss Plaintiff's claims against Defendants Smith and VanBibber in their entirety, allow Plaintiff to proceed with his claims for medical deliberate indifference against Defendant Dorsey in her individual capacity, and grant leave for Plaintiff to amend the Complaint to seek claims against the arresting officers he referenced in the Complaint. (ECF No. 4.) Objections to the Report and Recommendation were

due by October 6, 2020. (*Id.*) Plaintiff did not timely object, however, so the Court entered an Order adopting the Report and Recommendation on October 13, 2020. (ECF No. 5.)

After the Court entered the Order adopting the Report and Recommendation, the Court became aware that Plaintiff had not received copies of the Report and Recommendation, ECF No. 4, or the Order, ECF No. 5, as the mail sent to Plaintiff was returned as undeliverable with the labels "RETURN TO SENDER – NOT DELIVERABLE AS ADDRESSED – UNABLE TO FORWARD" and "RTS – RETURN TO SENDER." (ECF Nos. 6, 7.) Accordingly, on November 5, 2020, the Court advised Plaintiff that he has an affirmative duty to notify the Court of any change in address, and ordered Plaintiff to file a written status report that includes his new address by November 26, 2020. (ECF No. 8.) The Undersigned warned Plaintiff that "[f]ailure to do so will result in the recommendation that this case be dismissed for failure to prosecute." (*Id.*)

## II.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action without prejudice pursuant to Federal Rule of Civil Procedure Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of his failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-

2

supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

To date, Plaintiff has failed to comply with the Court's November 5, 2020 Order directing Plaintiff to file a written status report that includes his new address within twenty-one days. (ECF No. 8.) The Order expressly cautioned Plaintiff that failure to comply would result in the recommendation that this case be dismissed for failure to prosecute. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). While the Court is mindful of Plaintiff's *pro se* status, dismissal is nevertheless appropriate given Plaintiff's failure to comply with the readily comprehended deadline. *See Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendants **WITHOUT PREJUDICE** under Rule 41(b).

The Clerk is **DIRECTED** to mail a copy of the Report and Recommendation, ECF No. 4, the Order adopting the Report and Recommendation, ECF No. 5, the Order directing Plaintiff to file a written status report, ECF No. 8, and a copy of this Order, to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: December 1, 2020 　　　　　　　　　　*/s/ Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES MAGISTRATE JUDGE**